KURT K. HARRIS, ESQ., P.C.
Kurt Harris, Esq.
Nevada Bar No.: 5354
4730 S. Fort Apache Rd., Suite 300
Las Vegas, Nevada  89147
Tele: (702) 252-3838
kharris@702law.com
Attorney for Plaintiff, Evig, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| EVIG, LLC, | ) | **Case No.: 2:24-cv-00349** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO AMEND COMPLAINT** |
| | ) | |
| FANTASY, INC, an Arizona Company, dba SUPERFOOD MD, LLC; DOES I through X and ROE Corporations or Business Entities I through X, inclusive, | ) ) ) ) | **Hearing Not Requested** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      COMES NOW, Plaintiff, EVIG, LLC, a Nevada Limited Liability Company (hereinafter "EVIG"), by and through their counsel of record, Kurt Harris, Esq., P.C., and hereby moves this Court to Grant its Motion to Amend its Complaint to include Amazon Reviews and an Expert Report that were inadvertently left out of EVIG's Second Amended Complaint.

      This Motion and application are made pursuant to Fed. R. Civ. P. 15 and based on the pleadings and papers on file herein and the following Points and Authorities and any oral argument that may be made at the time of the hearing in this matter.

////

///

////

# POINTS AND AUTHORITIES

## I.    FACTS

EVIG, LLC has been in the business of selling its whole fruit and vegetable supplements for over twenty years in the state of Nevada under the name of Balance of Nature[1]. EVIG has invested millions of dollars into marketing and developing its product over that time period. EVIG's advertising budget is substantial. Due to advertising efforts, expenditures and reputable products, EVIG's Balance of Nature products have gained substantial notoriety. EVIG's products have acquired valuable trade dress identity.  EVIG's products are famous and easily recognizable based on EVIG's trade dress which is non-functional.

The Defendant is in the copycat business. Defendant knew of Evig's products' fame and reputation and sought to capitalize on EVIG's investments and marketing expenditures. Defendant is unable to explain how it independently developed and invented the ingredients or concept of its products.  However, the nature of the counterfeit is obvious to the casual observer.

In July of 2022, Defendant began marketing its product "Superfood MD" on the Amazon platform where EVIG markets its products as well but for much longer.  Defendant's product looks nearly identical to EVIG's product.  Defendants use the same color for its bottles, the same size of bottles, the same number of capsules, similar script, the use of the word "Veggies", a wheat grain in its name rather than the leaf used by EVIG, images of fruits and vegetables in a slightly different layout than EVIG and nutritional facts and ingredients nearly identical to those of EVIG.

Defendant would have this Court believe that its creation was wholly unique and independent of EVIG's products.  Defendant would have the Court believe the two products, side by side, look nothing alike.  Defendant would have the Court believe it came up with the ingredients of its own volution. However, a mere side by side comparison proves this assertion

---

[1] Evig was incorporated in Nevada in 2009 but its products had been marketed since the late 1990s.

false and Defendant's business model is to copy EVIG's product as follows:



In July 2023, EVIG filed its suit against Defendant. In September 2023, EVIG amended its Complaint to include various Amazon reviews demonstrating actual confusion among consumers caused by Defendant's infringing trade dress. EVIG also included an expert report

opining that Defendant's creation absent copying EVIG's product was highly improbable.[2] EVIG's first Amended Complaint had an incorrect case heading, so EVIG sought to correct the heading, but erroneously refiled the old Complaint in November, 2023. Thus, the Amazon reviews and subsequent expert report were absent EVIG's most recent Amended Complaint. Defendant was aware and on notice of their existence.

Despite having intentionally dodged service for several months, Defendant now asks the Court to dismiss EVIG's Complaint, with prejudice, claiming EVIG has no valid claims. Defendant relies on a past case that was dismissed against another infringer to suggest that EVIG has no valid claims against its counterfeit. Although that case has no bearing on the current case, a review of the referenced case would show that since EVIG amended its Complaint, the same case is currently passed a motion to dismiss and is headed for trial.[3] However, the argument that a case involving another counterfeiter is the same is not legally sustainable.

Defendant's product is one of the more flagrant infringers upon EVIG's product in a line of a recent epidemic of copycats. EVIG's claims are valid, and the same claims that EVIG seeks to back up with the expert report and Amazon reviews have been adequate in another case in the federal court. EVIG should be permitted to Amend its Complaint to include these factual allegations.

**II.     LEGAL STANDARD**

Fed. R. Civ. P. 15(2) provides that: "(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The

---

[2] Exhibit 1, EVIG's first Amended Complaint.
[3] See 2:23-cv-02051-JAD-NJK.

court should freely give leave when justice so requires." "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts". *Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911 F.2d 242, 47 (9th Cir. 1990). "Denial of leave to amend where leave is necessary and requested is itself appealable for abuse of discretion. See, e.g. *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir.1986). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Cahill v. Liberty Mut. Ins. Co.*, 24 F.3d 245 (9th Cir. 1994).

The Court should freely give leave to amend when there is no undue delay, bad faith or dilatory motive on the part of the movant.  Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend should only be denied when a complaint cannot be cured and leave should be liberally granted otherwise.  See *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

**III.    ARGUMENT**

The absence of the Amazon reviews and expert report were result of a mistake in filing. There is no bad faith, their inclusion will not cause undue delay, their inclusion will not prejudice Defendant, and EVIG's claims are not futile. Defendant is aware of the reviews on the Amazon.com website where it lists its products for sale alongside the "original". Defendant is in no position to complain about any sort of delay, as it chose not to engage in this lawsuit for months despite EVIG having to hire process servers and a motion to publish before Defendant bothered to Answer.

Defendant knows about these Amazon reviews; they are on Defendant's Amazon page. Seemingly, Defendant's only argument will be that amendment will be futile, and it will likely rely on a previous dismissal in one of EVIG's other cases. Defendant's argument that two wrongs of infringing on a trade dress somehow makes it right is not sustainable. But, as explained above, the same case Defendant referenced is now past dismissal and headed for trial because EVIG amended its Complaint.

A Motion to Amend should be granted liberally, and in this case, important factual allegations were left out of EVIG's most recent Complaint by mistake. There is no bad faith and no prejudice to Defendant. Defendant is clearly infringing on EVIG's trade dress and does not deny its business model and actions. EVIG should be permitted to amend its complaint and include further factual allegations.

In Nevada, there exists a strong policy of trying cases on their merits, and inclusion of these Amazon reviews and expert report that were included in EVIG's first Amended Complaint will be helpful to this Court in deciding this case on the merits.

On February 27, 2024, Mary Nourine King wrote, *"Beware! Not Balance of Nature. This is not equivalent to Balance of Nature, and as an older person, I mistook it for Balance of Nature because of the similar look of the bottles and am not at all happy with them. When I finish these, I will go back to Balance of Nature."*

On November 2, 2023, REMJR wrote, *"**Not Balance of Nature!** I was fooled by the appearance of the bottles into thinking it was Balance of Nature. After one day of use, my stomach was constantly upset. UPDATE: After reading my review, they refunded the entire cost and did not ask me to return the unused portion. I could not ask for more than that. Thank you!"* Defendant entirely ignores its reviews.

On April 16, 2023, TrojanBob, an Amazon verified purchaser said: *"Not what I thought. We thought this item was Balance of Nature. Should have looked closer because the packaging is the same."*

On April 12, 2023, Blake Zipoy, an Amazon verified purchaser said: *"This product is deceiving. Looks like Balance of Nature with the tiny print. When you discover*

*you got fooled, they won't let you return because they say it is a 'grocery product.' What a crock. Makes me not want to use Amazon anymore."*

On May 28, 2023, steve, another Amazon verified purchaser said: *"Tricked! I typed in for Balance of Nature and Super Fruits came up in the front of the column with their similarly colored bottles…Pretty sneaky. They got me!"*

On June 29, 2023, Michael Myers, another Amazon verified purchaser said: *"Misrepresented. My intention was to order Balance of Nature. The Superfood is packaged just like Balance of Nature. Extremely disappointed."*

More recently, on December 11, 2023, Marco, an Amazon verified purchaser said: *"Scam. Posing as Balance of Nature Brand. No returns accepted…I wonder why. Rip off."*

These are important reviews that provide further basis for EVIG's factual allegations, and EVIG should be permitted to amend its Complaint and include them. They show actual confusion among Defendant's own consumers. EVIG's request is not made in bad faith. It poses no undue delay or prejudice on Defendant. Amendment is not futile, as a similar Amendment has resulted in other EVIG infringements going forward.

A copy of the proposed Amended Complaint is attached hereto as Exhibit 2.

### IV.  CONCLUSION

The Court should liberally grant a Motion to Amend. None of the four factors in *Cahill* are present. EVIG's claims are valid, and inclusion of the reviews and report are important factual allegations. EVIG asks that the Court allow it to Amend its pleadings to reflect the same.

DATED this 19th day of March, 2024.

/s/ Kurt Harris
**KURT K. HARRIS, ESQ.**
Nevada Bar No. 5354
4730 S. Fort Apache Rd., Suite 300
Las Vegas, Nevada 89147
Attorney for Evig, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19th, 2024, I caused the foregoing Motion to Amend Complaint to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service, and via email and U.S. Mail, postage pre-paid on the date below addressed as follows:

Anthony Austin, Esq.
FENNEMORE CRAIG, P.C.
9275 W. Russel Road, Ste. 240
Las Vegas, NV 89148

　　　　　　　　　　　　　　　　　　　*/s/ Kurt Harris*
　　　　　　　　　　　　　　　　　　　An employee of Kurt K. Harris, Esq., P.C.