# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EVIG, LLC, | Case No. 2:24-cv-00349-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| FANTASY, INC., an Arizona Company dba SUPERFOOD MD, LLC; DOES I through X and ROE Corporations or Business Entities I through X, inclusive, | |
| Defendants. | |

This is a trademark infringement action arising out of the sale of nutritional fruit and vegetable supplements on the Amazon platform. Plaintiff Evig, LLC sues Fantasy, Inc. dba Superfood MD for damages, claiming that the similar packaging and identical product label of its supplement violates Plaintiff's trade dress. Plaintiff commenced this action in state court on July 14, 2023, by filing a Complaint (the "Initial Complaint") and Defendant removed the action to federal court on February 19, 2024. (ECF No. 1). Before Defendant removed the action, Plaintiff amended the Initial Complaint twice.

Plaintiff now moves to amend its Second Amended Complaint to include Amazon reviews and an expert report that it inadvertently excluded. Plaintiff argues that the Court should permit the amendment because Plaintiff is not making the amendment in bad faith, the amendment would not prejudice Defendant or cause undue delay, and its claims are not futile. (ECF No. 17). Plaintiff also argues that the expert report and Amazon reviews are important factual allegations. Defendant opposes, arguing that the amendment includes changes beyond the expert report and the Amazon reviews, is futile, and would unduly prejudice Defendant. (ECF No. 18). Defendant also contends Plaintiff violated Local Rule 15-1(a) by failing to attach the exhibits at issue in Plaintiff's proposed Third Amended Complaint attached to Plaintiff's motion to amend.

Plaintiff replies that Defendant's contentions are better made in a motion to dismiss and that Plaintiff properly complied with Local Rule 15-1(a) by incorporating the Amazon reviews and expert report into the body of the Third Amended Complaint. (ECF No. 19). Further, Plaintiff argues the expert report and Amazon reviews demonstrate that the Defendant counterfeited its product, and that the counterfeiting is causing actual confusion among consumers. Because the Court finds that Defendant's futility arguments are better made in a motion to dismiss, Defendant would not be prejudiced, and Plaintiff properly complied with LR 15-1(a), it grants Plaintiff's motion to amend.

**I.     Discussion.**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted").

"Prejudice to the opposing party is the most important factor." *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971). "Th[e] liberality in granting leave to

amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice." *DCD Programs*, 833 F.2d at 186. Regarding costs, the Ninth Circuit has noted that in the absence of bad faith, "litigation expenses incurred before a motion to amend is filed do not establish prejudice." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (finding substantial extra litigation costs before motion to amend insufficient to demonstrate prejudice).

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). The failure to attach a complete proposed amended pleading is sufficient for the court to deny a party's motion to amend his claim. *United States v. 3 Parcels in La Plata County,* 919 F. Supp. 1449, 1457 (D. Nev. 1995). Local Rule 15-1(a) requires that the moving party, "attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading." Typically, a party fails to comply with LR 15-1(a) when the moving party fails entirely to attach a copy of the proposed amended complaint. *See Cadeaux v. Las Vegas Metro Police Dep't*, No. 2:19-cv-01584-JAD-VCF, 2021 WL

3115182, at *2 (D. Nev. July 22, 2021); *see Whitesell v. Nye Cnty. Sheriff's Off.*, No. 2:21-cv-01209-APG-VCF, 2021 WL 4097682, at *2 (D. Nev. Sept. 8, 2021). The Nevada Local Rules do not require a redline document showing changes in an amended complaint.

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Defendant argues against Plaintiff's amendment on the grounds of futility and prejudice. However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim. Further, Plaintiff does not advance new legal theories that would require proof of different facts, litigation is at a very early stage considering Plaintiff and Defendant have not yet agreed to a discovery plan, and litigation costs incurred before the motion to amend are not sufficient to establish prejudice. Despite Defendant's additional contentions concerning a redline document identifying Plaintiff's changes in the Third Amended Complaint, there does not appear to be a Local Rule requiring such a document and Defendant was clearly able to identify all of Plaintiff's changes without one. (ECF No. 18). Finally, Plaintiff properly complied with LR 15-1(a) by providing a full copy of the proposed amendments. Thus, Defendant's assertions of prejudice cannot hurdle the strong policy of facilitating a proper disposition on the merits and Defendant's remaining argument about arbitrability are better developed through a motion to dismiss. The Court grants Plaintiff's motion to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 17) is **granted.** Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).

DATED: May 21, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE