# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EVIG, LLC,

                Plaintiff,

     vs.

FANTASY, INC.,

                Defendant.

Case No.: 2:24-cv-00349-GMN-DJA

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 24), filed by Defendant Fantasy, Inc. dba Superfood MD, LLC. Plaintiff Evig, LLC, filed a Response, (ECF No. 25), to which Defendant filed a Reply, (ECF No. 26). Defendant subsequently filed a Motion for Leave to Submit Supplemental Authority to support its Motion to Dismiss, (ECF No. 30). For the reasons discussed below, the Court GRANTS Defendant's Motion to Dismiss, GRANTS Defendant's Motion for Leave,[1] and gives Plaintiff leave to amend.

---

[1] Defendant moves to file supplemental authority consisting of an order in another case in this district, *EVIG, LLC v. New Relief, LLC.* This case concerns an almost identical matter involving the same Plaintiff and relating to the same issues as raised by Defendant in the instant Motion to Dismiss. The court in that case granted a motion to dismiss, with prejudice, against Plaintiff and found that: (1) the "Plaintiff's trade dress is functional and, thus, unprotected[];" (2) because there was no protectable trade dress, the defendant's conduct amounted to "normal participation in the free market," insufficient to sustain an intentional interference with prospective economic advantage claim; (3) the Nevada Deceptive Trade Practices Act ("NDTPA") sections 3 and 4 did not apply; and (4) the lack of protectable trade dress is fatal to the dilution claim. *See generally EVIG, LLC v. New Relief, LLC*, No. 2:24-cv-00065-RFB-BNW, 2024 WL 4349310 (D. Nev. Sept. 29, 2024). The court did not issue this ruling until after the briefing closed on Defendant's Motion to Dismiss in this case. "Good cause may exist when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021). Because of the similar legal issues in that case, the Court finds the supplemental authority to be helpful and GRANTS Defendant's Motion for Leave.

1

## I.    <u>BACKGROUND</u>

2

3       This case arises out of Defendant's alleged infringement of Plaintiff's "Balance of

4  Nature" trade dress. (*See generally* Second Am. Compl. ("SAC"), ECF No. 22).  Plaintiff has

5  sold fruit and vegetable supplements using the same trade dress for more than 20 years, most

6  recently under the trademark "Balance of Nature." (*Id.* ¶¶ 12, 13, 15).  Defendant also sells fruit

7  and vegetable supplements using trade dress that Plaintiff alleges is "obviously and

8  substantially the same . . . as Plaintiff's products." (*Id.* ¶ 29).  Plaintiff asserts causes of action

9  for (1) false association; (2) federal trade dress infringement; (3) unfair competition; (4)

10  intentional interference with prospective economic advantage ("IIPEA"); (5) Lanham Act trade

11  dress violations; (5) deceptive trade practices; (6) dilution; and (7) unjust enrichment.

     Defendant now moves to dismiss Plaintiff's SAC. (Mot. Dismiss ("MTD"), ECF No. 24).

12

## II.    <u>LEGAL STANDARD</u>

13       Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

14  which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15  555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

16  which it rests, and although a court must take all factual allegations as true, legal conclusions

17  couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

18  12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

19  of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain

20  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

21  face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A

22  claim has facial plausibility when the plaintiff pleads factual content that allows the court to

23  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

24  standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

25

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.    DISCUSSION

Defendant moves to dismiss Plaintiff's causes of action for failure to state a claim. (*See generally* MTD).  Defendant further moves to supplement its original Motion to assert newly decided authority that precludes an issue essential to establishing each of Plaintiff's claims. (*See generally* Mot. Leave, ECF No. 30).  The Court addresses each of Defendant's arguments in turn.

### A.  Issue Preclusion

Plaintiff alleges claims that relate to the alleged trade dress infringement, and Defendant argues that the issue of functionality, which necessarily implicates Plaintiff's claims, is precluded. (Mot. Leave 3:10–12).  Under Nevada law, issue preclusion applies if: (1) the issue in the two proceedings is identical; (2) the prior decision was a final ruling on the merits; (3) the party against whom the judgment is asserted was a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

Defendant supplements its Motion to Dismiss with a final order filed in another case in this district after Defendant filed its Motion to Dismiss, which considered and decided trade dress infringement claims asserted against a different defendant but about Plaintiff's same

Balance of Nature product. (Mot. Leave 2:3–3:5) (citing *EVIG, LLC v. New Relief, LLC*, No. 2:24-cv-00065-RFB-BNW, 2024 WL 4349310, at *1 (D. Nev. Sept. 29, 2024)). Defendant contends that ruling addressed the enforceability of Plaintiff's trade dress, and therefore precludes further consideration of Plaintiff's current trade dress infringement claims. (Reply Mot. Leave 3:9–12, ECF No. 35). The Court agrees that because the same issue of functionality regarding Plaintiff's trade dress has already been decided by another court, the issue is precluded for the reasons discussed below.

First, the issue in the two proceedings is identical. In *EVIG, LLC v. New Relief,* (*EVIG I*), the court reviewed Plaintiff's claim that its product, Balance of Nature supplements, had distinctive and non-functional trade dress. 2024 WL 4349310, at *3. In the present action, Plaintiff makes the same claims concerning its same product. (SAC ¶¶ 69, 84). In both *EVIG I* and the present case, Plaintiff presents the same photograph of the trade dress in question and argues that the same combination of elements establishes Balance of Nature's protectable trade dress. *Compare EVIG I*, 2024 WL 4349310 at *3 *with* (SAC ¶ 85). Although it is true that the defendant parties and the particulars of their alleged infringement differ between *EVIG I* and the present case, these differences in parties and infringement have no bearing on whether Plaintiff's purported trade dress is functional and able to avail itself to protection by the courts. (*See* Reply Mot. Suppl. 3:11–14). Thus, the issues are identical, and the first element of issue preclusion is satisfied.

Second, the *EVIG I* decision was a final ruling on the merits. Dismissal for failure to state a claim under Rule 12(b)(6) is considered a final judgment on the merits. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also Nnachi v. City of San Francisco*, No. C 10-00714 MEJ, 2010 WL 3398545, at *5–6 (N.D. Cal. 2010) (action dismissed for failure to state a claim serves as final judgment on the merits for res judicata purposes). In *EVIG I*, the court ruled that Plaintiff's claimed trade dress is functional, and thus unprotected.

2024 WL 4349310, at *3. The court therefore dismissed the complaint, with prejudice, because Plaintiff failed to establish an essential element of its claims. *Id.* Thus, there was a final judgment on the merits of Plaintiff's alleged trade dress. Accordingly, the second element of issue preclusion is met.

Third, issue preclusion requires that "the party against whom the judgment is asserted was a party or in privity with a party to the prior litigation." *Five Star Capital*, 194 P.3d at 713. EVIG was the sole Plaintiff in *EVIG I,* and the judgment was asserted against it. 2024 WL 4349310 at *1. This judgment continues to bind Plaintiff in this litigation. Thus, the third element of issue preclusion is satisfied.

Fourth, the issue of functional trade dress was actually and necessarily litigated. "When an issue is properly raised . . . and is submitted for determination . . . the issue is actually litigated." *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 918 (Nev. 2014) (citation omitted). Whether an issue was "necessarily litigated turns on whether the common issue was. . . *necessary to the judgment in the earlier suit.*" *Id.* (quotation omitted). In *EVIG I*, the defendant properly raised the issue of EVIG's alleged trade dress being functional. 2024 WL 4249310, at *1. Each party fully briefed the issue, and the court held a hearing prior to issuing its order. *Id*. The court expressly found "that Plaintiff's claimed trade dress is functional and, thus, unprotected." *Id*. at *4. Thus, the fourth element of issue preclusion is satisfied, and the issue of whether Plaintiff's Balance of Nature trade dress is functional, is precluded. The Court accepts the *EVIG I* court's determination that Plaintiff's Balance of Nature trade dress is functional and is therefore ineligible for trade dress protection.

### B. Consolidated Trade Dress Claim

The Court now turns to discuss each of Plaintiff's claims, how they are impacted by issue preclusion, and if the SAC otherwise fails to state a claim. Defendant asserts that Plaintiff's first, second, third, and fifth causes of action are impermissibly duplicative such that

they should be dismissed. (MTD 5:4–6:12). It argues that all four claims rely on 15 U.S.C. § 1125(a)(1)(A), and each claim arises from the same set of factual assertions. (*Id.* 5:18–20). "It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). Under similar facts, courts have dismissed duplicative claims where "two suits involve infringement of the same right and [where] the two suits arise out of the same transactional nucleus of facts." *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) (citation omitted).

Here, Plaintiff pleads four causes of action under 15 U.S.C. § 1125(a)(1)(A): (1) "False Association 25 U.S.C. § 1125(a)(1)(A) and Nevada Common Law;" (2) "Federal Trade Dress Infringement under 15 U.S.C. § 1125(a)(1)(A);" (3) "Unfair Competition Under 15 U.S.C. § 1125(A)(1)(A);" and (5) "Lanham Act, Trade Dress Violation." (MTD 5:6–9). Because the claims apply identical facts to the same statutory provision, the Court considers them together as one consolidated trade dress claim.

Defendant argues that Plaintiff's trade dress claim is precluded by *EVIG I*'s finding that Plaintiff's trade dress was functional, negating an essential element of Plaintiff's trade dress claim. (Reply Mot. Leave 3:8–12). The Court agrees. Section 1125(a)(1)(A) provides relief when, in packaging or presenting goods for sale, a person uses a trade dress—a combination of words, terms, names, symbols, or devices in packaging or presenting their goods—that is likely to cause consumers to confuse its product with another's product. As a prerequisite, Plaintiff must prove its asserted trade dress is nonfunctional and distinctive. *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-CV-4456-RSWL-JEM, 2017 WL 4271133, at *4 (C.D. Cal. Sept. 25, 2017) (citing 15 U.S.C. § 1125(a)(3)). The nature of Plaintiff's trade dress was thoroughly considered in prior proceedings and found functional. *EVIG I*, 2024 WL 4349310, at *4–5. Moreover, Plaintiff does not allege new facts or changed circumstances here that would merit additional

1    review. *Compare id. with* (SAC ¶ 85).  Accordingly, the consolidated trade dress violation

2    claim is DISMISSED.

3        **C.  Intentional Interference with Prospective Economic Advantage**

4        Defendant next argues that Plaintiff's fourth cause of action, IIPEA, is not adequately

5    pled. (MTD 8:10–9:13).  A successful IIPEA claim requires: (1) a prospective contractual

6    relationship between the plaintiff and a third party; (2) the defendant's knowledge of this

7    prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4)

8    the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as

9    a result of the defendant's conduct. *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*,

10   971 P.2d 1251, 1255 (Nev. 1998).  Proving element four of this claim requires a showing of

11   unlawful conduct, because free competition is a significant privilege or justification. *LKimmy,*

12   *Inc. v. Bank of Am., N.A.,* No. 2:19-cv-1833-JCM-BNW, 2020 WL 13533714, at *3 (D. Nev.

13   June 12, 2020) (citing *Crockett v. Sahara Realty Corp.*, 591 P.2d 1135, 1136 (Nev. 1979)).

14       Defendant argues that the first element of the IIPEA claim is not sufficiently pled

15   because Plaintiff improperly relies on unauthenticated Amazon customer reviews to support its

16   contention that a prospective contractual relationship existed between Plaintiff and a third

17   party. (MTD 8:26–9:3).  The Court treats the testimonials presented by Plaintiff as true but does

18   not rule on the credibility and probative value of them at this stage. *Twombly*, 550 U.S. at 570

19   (stating that all factual matter contained in a complaint is accepted as true for the purposes of a

20   motion to dismiss).  Plaintiff alleges that actual prospective customers published reviews of

21   Defendant's products describing how they intended to purchase Plaintiff's product but

22   mistakenly purchased Defendant's instead. (SAC ¶¶ 113–15).  These statements, taken as true,

23   provide the basis for Plaintiff's assertion that a prospective relationship existed between

24   Plaintiff and the third-party reviewers.  Thus, the first IIPEA element is sufficiently pled.

25

Defendant also argues that Plaintiff fails to satisfy the second and third element of a viable IIPEA claim because it fails to allege facts that would support the inference that Defendant knew of and intended to prevent the relationship between Plaintiff and its prospective customers. (MTD 9:4–6). Although the customer reviews show that actual customers were diverted from Plaintiff's product to Defendant's product, Plaintiff fails to allege that Defendant was aware of, much less intended, this customer confusion. Plaintiff's statements that "Defendant had actual knowledge" and "Defendant intended to harm EVIG" are conclusory.[2] *See Twombly*, 550 U.S. at 555. Plaintiff's only remaining allegation is that Defendant was aware of Plaintiff's prospective relationship with third-party consumers because "[it] saw the success [of] EVIG and viewed its advertising." (SAC ¶ 119). However, this allegation fails to "cross[] the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, Plaintiff fails to plausibly allege the second and third elements of an IIPEA claim.

Moreover, Plaintiff fails to plead facts sufficient to allege the fourth element of this claim, which requires Defendant to act wrongfully in interfering. Plaintiff fails to assert any wrongful conduct outside of the alleged trade dress infringement, which is no longer a viable claim and is precluded. Accordingly, Plaintiff fails to allege the facts necessary for its IIPEA claim to survive the motion to dismiss stage. However, it is not clear whether amendment would be futile, thus Plaintiff shall be given leave to amend its IIPEA claim. Accordingly, this cause of action is DISMISSED without prejudice.

### D. Nevada Deceptive Trade Practices Act Claim

Next, Defendant moves the Court to dismiss Plaintiff's sixth cause of action for violation of NRS 598.0915, Nevada's Deceptive Trade Practices Act ("NDTPA"). (MTD 9:14–10:27). Plaintiff brings claims under section three of the NDTPA, which states that "a person

---

[2] In its Response, Plaintiff argues that Defendant must have known about the reviews because they were posted by Defendant's customers. (Resp. 9:25–26, ECF No. 25). But courts will not consider an argument made for the first time in a response brief. *Goss v. United States*, 353 F. Supp. 3d 878, 884 (D. Ariz. 2018).

1   engages in a 'deceptive trade practice' if . . . he or she knowingly makes a false representation

2   as to affiliation, connection, association with or certification by another person."[3] *See* NRS

3   598.0915; (SAC ¶¶ 156–64).  Deceptive trade practices claims brought under this section must

4   be plead with the same particularity required for fraud claims. *Partie v. Ethicon, Inc.*, 609 F.

5   Supp. 3d 1127, 1135 (D. Nev. 2022).  This heightened pleading standard requires plaintiffs to

6   identify a misleading statement, set forth what is false or misleading about it, and describe why

7   it is false. *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (2003) (citation omitted).

8        Here, Plaintiff fails to state a cognizable NDTPA claim.  Plaintiff restates its previously

9   asserted trade dress violation claims, branding them as "false representations as to an

10  affiliation, connection, and/or association" with Plaintiff's product. (SAC ¶ 164).  Because the

11  trade dress infringement claim fails for the reasons discussed above, there is no remaining

12  alleged false representation.  Even more, Plaintiff fails to allege that Defendant made any

13  specific false statements beyond using the trade dress in controversy.  It also fails to support its

14  conclusory allegations that Defendant made any statements knowingly. (*Id.* ¶¶ 161, 164).  It is

15  unclear, however, that amendment would be futile.  As a result, Plaintiff's NDTPA claim is

16  DISMISSED without prejudice and Plaintiff is given leave to amend this claim.

     **E.  Nevada Dilution Claim**

17       Defendant also argues that Plaintiff's seventh cause of action under NRS 600.435,

18  Nevada's state law dilution statute, fails. (MTD 11:1–12:11).  NRS 600.435 offers injunctive

19  relief to (1) the owner of a mark (2) that is famous in Nevada if (3) another person's use of the

20  mark begins after the mark has become famous and (4) causes dilution of the mark.

21  NRS 600.435(1)(a–b).  As defined, "mark" may refer to trade dress. *See* NRS 600.260

22

23  _____

24  [3] Plaintiff also brings a claim under NRS 598.0915.4, which categorizes deceptive trade practices as "deceptive representations or designations of geographic origin used in connection with goods or services for sale or lease."

25  (SAC ¶¶ 163, 165).  Plaintiff fails to identify any deceptive representation that relates to geographic origin. Thus, Plaintiff's NRS 598.0915.4 claim is DISMISSED without prejudice and Plaintiff shall be given leave to amend this claim.

(defining "mark" as a "trademark"); NRS 600.300 (defining "trademark" as "any word, name, symbol or device, or any combination of them, adopted and used by a person to identify goods made or sold by that person and to distinguish them from goods made or sold by others.").

First, Plaintiff's dilution claim fails because it does not have a viable trade dress claim. NRS 600.435 is similar to the federal dilution statute and is analyzed similarly. NRS 600.435; 15 U.S.C. § 1125(c); *see also Car-Freshner Corp. v. Valio, LLC*, No. 2:14-cv-01471-RFB-GWF-2016, WL 7246073, at *7 (D. Nev. Dec. 15, 2016) ("the legislative history of N.R.S. 600.435 suggests that this provision was modeled in part on the dilution provisions of the federal [Act]"). Federal dilution claims, and presumably claims brought under NRS 600.435, limit relief to the owner of a *protectable* trademark or trade dress. *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004) ("The mark used by the alleged diluter must be identical, or nearly identical, to the *protected mark* for a dilution claim to succeed.") (emphasis added). Here, Plaintiff does not assert that Defendant misappropriated the name "Balance of Nature," but only that Defendant infringed on its trade dress. (SAC ¶ 179). As previously explained, Plaintiff's trade dress is functional and is not protectable. Plaintiff therefore cannot seek relief under NRS 600.435 on the basis that Plaintiff infringed on its trade dress because the trade dress is not protectable. But it is unclear whether Plaintiff could assert another factual basis for relief.

Second, Defendant argues that Plaintiff fails to plead facts that allege that the mark in controversy was famous in the state of Nevada. (MTD 11:24–12:11). NRS 600.435 states in relevant part that, "the owner of a mark that is famous in this State may bring an action." NRS 600.435(1) (emphasis added). NRS 600.435(2) directs courts to consider the following factors when determining whether a mark is famous: (a) the degree of inherent or acquired distinctiveness; (b) the duration and extent of use in connection with the associated goods; (c) the duration and extent of advertising and promotion; (d) the geographical extent of the trading

area; (e) the channels of trade for the goods associated with the mark; and (f) the degree of recognition of the mark in the trading areas and channels of trade common to the owner of the mark and the alleged infringer.  Plaintiff's FAC is devoid of facts that meet this standard because it does not assert facts that allege that the trade dress was famous in Nevada. (*See generally* SAC).  Plaintiff asserts only that it and Defendant marketed their products on nationwide retail platforms, not that the products were offered "in the trading areas and channels of trade in this State." (*Id.* ¶ 177); NRS 600.435(2)(e).  Additionally, Plaintiff offers no facts to suggest that its products were for sale in Nevada retail stores or that it regularly shipped products to customers in Nevada. (*Id.* ¶ 177).  There is no indication that the confused customers who left reviews had any connection to the State of Nevada at all. (*See id.* ¶¶ 37–41). The sole assertion linking this controversy to the State of Nevada is that Plaintiff advertised in the state. (*Id.*).  Thus, Plaintiff does not plead facts that allege that the trade dress was famous in Nevada.

Accordingly, Plaintiff's dilution claim is DISMISSED without prejudice, and it is given leave to amend this claim.

### F.  Unjust Enrichment Claim

Defendant lastly moves to dismiss Plaintiff's unjust enrichment claim. (MTD 11:12–13:10).  Defendant argues that Plaintiff is not entitled to recover Defendant's profits. (MTD 12:12–13:10).  In Nevada, "unjust enrichment is unjust retention of a benefit to the loss of another . . . ." *Nev. Indus. Dev. v. Benedetti*, 741 P.2d 802, 804 n. 2 (Nev. 1987).  A plaintiff need not have directly conferred the benefit upon the defendant to recover under a claim of unjust enrichment, so long as the benefit was conferred as a result of the plaintiff's actions. *Id.* (citation omitted).

Here, Plaintiff alleges that Defendant profited at Plaintiff's expense when Defendant infringed Plaintiff's trade dress, by "rely[ing] entirely upon [Plaintiff's] good name and

advertising expenditures" instead of investing in their own product development. (SAC ¶¶ 190–91).  Because the trade dress in question has been adjudicated non-protectable, this claim, as pled, fails.  But even if the trade dress claim were viable, Plaintiff does not allege that it conferred a benefit upon Defendant, either directly or as a result of its actions.  For each of these reasons, Plaintiff fails to state an enrichment claim.  But it is unclear whether Plaintiff could assert another factual basis for relief or plead facts to support this claim.  Thus, this claim is DISMISSED without prejudice and Plaintiff is given leave to amend.

In sum, Defendant's Motion to Dismiss is GRANTED.  The Court does not give Plaintiff leave to amend its consolidated trade dress claim because amendment would be futile. But the Court gives Plaintiff leave to amend the remaining claims.

## IV.    **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 24), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Submit Supplemental Authority to support its Motion to Dismiss, (ECF No. 30), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's consolidated trade dress claim is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file an amended complaint amending the remaining claims.

**DATED** this _28_ day of March, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT